| | |
|---|---|
| BENJAMIN J. FOX (CA SBN 193374)<br>ANI OGANESIAN (CA SBN 329296)<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard, Suite 6000<br>Los Angeles, CA 90017-3543<br>Telephone: (213) 892-5200<br>Facsimile: (213) 892-5454<br>bfox@mofo.com;<br>aoganesian@mofo.com | THOMAS C. FROST<br>(CA SBN 185187)<br>THE FROST FIRM<br>401 West A Street, Suite 1150<br>San Diego, CA 92101<br>Telephone: (619) 822-1741<br>Facsimile: (619) 822-1744<br>tfrost@thefrostfirm.com |

JOYCE LIOU (CA SBN 277720)
EOIN CONNOLLY (CA SBN 300373)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
jliou@mofo.com
econnolly@mofo.com

Attorneys for Plaintiff,
AK FUTURES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AK FUTURES LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>LIMITLESS TRADING CO., LLC d/b/a CALI KULTURE, a California limited liability company; and DOES 1-10,<br><br>          Defendants. | Case No. 8:21-cv-01154<br><br>**COMPLAINT FOR**<br><br>**(1) COPYRIGHT INFRINGEMENT, 17 U.S.C. § 101 ET SEQ.;**<br><br>**(2) FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125(a);**<br><br>**(3) CALIFORNIA FALSE ADVERTISING, CAL. BUS. & PROF. CODE § 17500; AND**<br><br>**(4) CALIFORNIA UNFAIR COMPETITION, CAL. BUS. & PROF. CODE § 17200 ET. SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

sf-4519839

**PRELIMINARY STATEMENT**

1. This is an action against Defendants for the willful infringement of plaintiff AK Futures LLC's ("AKF") intellectual property rights in its popular Cake™ brand of hemp derivative Delta-8 products. Defendants are unlawfully manufacturing, importing, advertising, marketing, selling, and distributing unauthorized, inauthentic, and infringing products that attempt to replicate or appear identical to AKF's authentic products. Defendants' products are of unknown quality and threaten substantial, irreparable harm to AKF's brand as well as to consumers, who purchase Defendants' products wrongfully believing them to have been made and approved by AKF.

2. AKF is the owner and authorized seller of Cake™ branded Delta-8 products, including disposable electronic delivery systems and electronic cigarette liquid ("e-liquid"). Delta-8 is a hemp-derived product with less than 0.3% of the psychoactive delta-9-tetrahydrocannabinol ("Delta-9") compound and is permitted to be sold in interstate commerce under the 2018 Farm Bill. Delta-8 vaping products are regulated under the PACT Act and other rules and regulations. AKF's Cake™ brand is the top-selling brand of Delta-8 vaping goods in the United States. AKF does not manufacture, distribute, or sell Delta-9 vaping products.

3. Given the popularity and consumer recognition of AKF's Cake™ brand of products, significant demand for them exists in the U.S. market. Unfortunately, counterfeiters and unauthorized sellers of inauthentic goods replicating AKF's Cake™ marks, its copyrighted Cake design, and AKF's products and packaging, are unlawfully trading on AKF's brand and the goodwill AKF has developed in its designs and products.

4. Defendants are part of a network of counterfeiters and unauthorized sellers of inauthentic Cake™ products. AKF's investigation has shown that Defendants manufacture, sell, or otherwise distribute unauthorized products under the Cake™ brand. The products being manufactured, sold, or otherwise distributed

by Defendants are of unknown or inferior quality to AKF's authentic product, and threaten immeasurable harm to AKF's brand and customer good will. Accordingly, AKF brings this action to protect its brand and consumers from counterfeit Cake™ products.

## PARTIES

5. Plaintiff AKF is a limited liability company organized and existing under the laws of Delaware with its principal place of business in California located at 1007 West Grove Avenue, Suite B, Orange, California 92865. AKF is the owner and rights-holder to its Cake™ Marks and related intellectual property.

6. Defendant Limitless Trading Co., LLC, d/b/a Cali Kulture ("Cali Kulture") is a limited liability company with its principal place of business in Los Angeles, California. Cali Kulture promotes itself as a wholesaler and distributor of vaping and smoke products.

7. Defendants Does 1-10 are unknown manufacturers, importers, suppliers to, or agents of the named defendant, or are additional distributors, re-sellers or retailers and are residents of, or will be present in, the State of California and this judicial district or have transacted business in the State of California during the time period covered by this complaint, and are subject to the jurisdiction of this Court. The identities and roles played by Does 1-10 are not currently known. AKF will amend its complaint to include the name or names of said persons or entities when that information becomes readily available.

8. On information and belief, each of the Defendants was the agent of each of the others, and committed the acts or omissions alleged herein on behalf of each of the other Defendants. Defendants authorized, approved, ratified or directed the acts or omissions of each of the other Defendants that are alleged herein.

## JURISDICTION AND VENUE

9. This is an action for copyright infringement of AKF's copyrighted design logo, 17 U.S.C. § 101 et seq., for federal unfair competition, 15 U.S.C.

sf-4519839

§ 1125(a), and for violations of California's false advertising law, Cal. Bus. & Prof. Code § 17500 et seq., and California's unfair competition law, Cal. Bus. & Prof. Code § 17500 et seq. This Court has jurisdiction over AKF's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). Jurisdiction for the related state-law claims is based upon 28 U.S.C. §§ 1338(b) and 1367.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a). Defendants are subject to suit in this District by virtue of their commercial activities and sales in this District. Venue in this District also is proper because a substantial part of the events giving rise to the claims in this action occurred in this District. AKF has its principal places of business in this District.

## STATEMENT OF FACTS

### A. THE COMMERCIAL SUCCESS OF PLAINTIFF'S CAKE™ PRODUCTS

11. AKF's Cake™ brand is recognized as the market leader in high-quality hemp-derived Delta-8 vaping products.

12. Prior to launching Cake™, AKF's co-founder James Clelland launched and operated other very successful brands in the vaping industry. An artist, designer, and experienced marketer, Clelland's interest in vaping products began with a desire to quit smoking cigarettes. Clelland began work in the industry in his mid-20s, where he gained valuable experience into the e-cigarette market. By the age of 28, Clelland developed his first successful e-cigarette brand called "Dotmod." Dotmod's sales grew to approximately $20 million annually utilizing Clelland's designs and logos and grassroots or "viral" social media marketing. His passion and hard work in developing successful brands and building connections in this highly competitive industry has contributed to the success and popularity of Plaintiffs' brands.

13. Prior to launching Cake ™, AKF's co-founders Devon Davis and Jeffrey ("Jay") Meng launched and operated a pharmaceutical packaging company which serviced the lucrative cannabis market in California at its inception of its

legalization. After several years of hard work and diligence, their company launched its initial public offering ("IPO"). As a start-up venture, Davis and Meng received most of their compensation in tranches of common stock of the corporation operating their packaging venture, and the company's IPO made them wealthy with lucrative business networks.

14. AKF launched the Cake™ brand at the CHAMPS Trade Show in Orlando, Florida in October 2020. While there were other Delta-8 products at the trade show, Cake™ stood out through its appealing branding and high-quality disposable product. Demand for Cake™ products has been overwhelming. For the nine-month period ending May 2021, revenue from sales of authentic Cake™ products in the U.S. market exceeded $44,000,000.

15. By virtue of Cake™'s marketplace success, AKF has established substantial consumer goodwill in the Cake™ mark, trade name, and designs. Consumers of Cake™ products associate AKF's marks and designs with high-quality, innovative products.

16. AKF takes seriously its intellectual property rights in the Cake™ brand and actively polices them, including through anti-counterfeiting activities of the type that uncovered the sales of counterfeit products described in this complaint.

B. **PLAINTIFF'S TRADEMARK RIGHTS IN CAKE™**

17. AKF has filed for registration of the Cake™ Marks before the United States Patent and Trademark Office, for use in connection with electronic cigarettes, electronic cigarette refill liquids and cartridges, electronic cigarette batteries, and electronic cigarette chargers, including as follows:

| MARK | DATE OF APPLICATION | U.S. SERIAL NUMBER |
|---|---|---|
| CAKE | December 21, 2020 | 90399839 (Class 034) |
| CAKED | March 17, 2021 | 90584363 (Class 034) |
| CAKED8 | March 17, 2021 | 90584410 (Class 034) |
| *Cake* (logo) | March 22, 2021 | 90594523 (Class 034) |
|  | May 2, 2021 | 90686598 (Class 009) |
| (cake logo) | March 22, 2021 | 90594382 (Class 034) |
|  | April 5, 2021 | 90624745 (Class 009) |
| EAT CAKE | March 25, 2021 | 90603633 (Classes 009 and 034) |

18. Attached hereto as Exhibits A through F are true and correct copies of the print-outs of the Trademark Status & Document Retrieval pages for the above serial numbers.

19. AKF has also applied for international registration of these marks, including in Canada, China, Japan, Korea, the United Kingdom, and the European Union.

20. For the past eight months, and since as early as October 23, 2020, AKF has continuously used one or more of the marks on its products in commerce. To this day, all of AKF's Cake™ products bear one or more of the marks.

21. The marks are distinctive and serve solely to identify and promote AKF's genuine products and well-known brand.

22. AKF has spent substantial time, money, and effort in developing consumer recognition and awareness of its brand.

23. AKF sells its products through its authorized network.

24. Through its, its predecessors', and its licensees' widespread and substantially exclusive use of the Cake™ mark and related marks, AKF also owns

6

sf-4519839

significant common law rights in the marks, which are not limited to the goods or services for which the marks are pending registration.

### C. DEFENDANTS' COUNTERFEITING AND UNLAWFUL DISTRIBUTION

25. Defendants advertise and offer for sale purported Cake™ products, which AKF knows to be inauthentic products.

26. Defendant Cali Kulture advertises, offers for sale, and sells a device designed for vaping cannabis or Delta-9 concentrates, which it calls a "Lookah"—a product that AKF does not manufacture, sell, or endorse—that bears a reproduction of AKF's copyrighted stylized drawing and AKF's Cake™ Mark. Attached as Exhibit G is a true and correct copy of the print-out of Defendant Cali Kulture's webpage featuring the purported Cake Lookah device.

27. Defendant Cali Kulture offers these devices for sale from or through its facility located at 306 South Wall Street, Los Angeles, California.

28. Defendant Cali Kulture's inauthentic products feature the same color scheme that AKF uses in many of its products. The similarities between AKF's authentic product and the knock-offs sold by Defendant Cali Kulture are striking:

//
//
//
//
//
//
//
//
//

7

sf-4519839

  

**(Authentic Cake™ Product)**     **(Defendants' Unauthorized Product)**

29.     On information and belief, Defendant Cali Kulture is engaged in a broader pattern of misuse of AKF's brand and intellectual property, offering for sale and selling of counterfeit Cake™ products to enrich Cali Kulture and its owners at the expense of AKF and the Cake™ brand.

**D.     CONSUMER CONFUSION AND HARM CAUSED BY COUNTERFEITS**

30.     Defendants are manufacturing, importing, advertising, marketing, offering to sell, and have sold or distributed vaping products that bear confusingly similar imitations of the Cake™ Marks. Through these activities, Defendants are intentionally deceiving customers into believing that they are receiving authentic Cake™ products developed, manufactured, and screened by AKF or another party affiliated with, or authorized, licensed, or approved by AKF.

31.     In addition to being inauthentic, the quality, safety, and performance of Defendants' products are unknown. AKF is unable to screen Defendants' products

sf-4519839

before they reach consumers. The inauthentic products are not subject to AKF's quality control standards.

32. Consumers are harmed by Defendants' unlawful conduct because they receive inauthentic products, which are at risk of being of lower quality, less reliable, and less safe than the high-quality, genuine Cake™ products they expect.

33. Consumers and the public are likely to associate any negative qualities of these inauthentic products with AKF and the Cake™ Marks. These negative associations cause irreparable harm to AKF and damage the reputation of the Cake™ brand, in which AKF has invested heavily.

34. Consumers and the public are also likely to associate AKF and the Cake™ Marks with cannabis or Delta-9 products that are not lawful for sale in interstate commerce. These associations cause irreparable harm to AKF and damage the reputation of the Cake™ brand, in which AKF has invested heavily.

35. Defendants' distribution and sales of infringing product also deprive AKF of revenue and profits from sales of its authentic Cake™ products.

36. AKF has not authorized Defendants to manufacture, advertise, distribute, or sell any Cake™ products or any products bearing the Cake™ Marks. AKF also has not granted Defendants a license to use the Cake™ Marks.

## FIRST CLAIM FOR RELIEF
**(Copyright Infringement, 17 U.S.C. § 101 et seq., Against All Defendants)**

37. AKF incorporates the allegations in paragraphs 1 through 36 above as if set forth fully herein.

38. AKF's cake design logo bearing U.S. Copyright Registration No. VA 2-247-632, attached hereto as Exhibit H, is an original work of authorship protected by the Copyright Act. AKF is the registrant and rights holder to the copyright in this work with authority to sue to enforce its copyright in the work.

39. Without the consent, approval or license of AKF, Defendants have manufactured, distributed, offered for sale and sold infringing and inauthentic

products, including unauthorized reproductions of AKF's copyrighted cake design logo. These activities have infringed and are continuing to infringe valid, federally registered copyright in AKF's work.

40. The activities of Defendants described above have caused and continue to cause substantial injury to AKF, including irreparable harm for which there is no adequate remedy.

41. Defendants' infringing activities were willful and performed in conscious disregard of AKF's rights.

## SECOND CLAIM FOR RELIEF

**(Federal Unfair Competition and False Designation of Origin, 15 U.S.C. 1125(a), Against All Defendants)**

42. AKF incorporates the allegations in paragraphs 1 through 41 above, as if set forth fully herein.

43. Defendants' advertising, offering for sale and sale of counterfeit or unauthorized Cake™ products bearing the Cake™ Marks constitute false designations of origin and false descriptions and representations, and is likely to cause confusion, mistake, and to deceive consumers by creating the false impression that AKF and the Cake™ products are affiliated, connected or associated with Defendants or their goods, or that Defendants' products are approved, licensed, endorsed or sponsored by AKF.

44. Defendants' acts constitute the use of a false designation of origin, a false description and a false representation that Defendants' goods are AKF's, are identical to or interchangeable with AKF's goods, or are in some way approved, sponsored, authorized by or affiliated with AKF.

45. With full knowledge of such falsity, Defendants have sold and continue to sell such merchandise in interstate commerce in such manner as to cause confusion or mistake among the public and to deceive the public, resulting in Defendants' profit and causing AKF great damage and injury. Defendants' above-

mentioned acts constitute deliberate and intentional violations of Section 43 of the Lanham Act, and justify an award of trebled damages.

46. Defendants' above-described conduct is causing irreparable harm to AKF and the Cake™ brand, for which there is no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### (California False Advertising, Cal. Bus. & Prof. Code § 17500, Against All Defendants)

47. AKF incorporates the allegations in paragraphs 1 through 46 above as if set forth fully herein.

48. Defendants have knowingly and willfully made false or misleading statements in connection with the sale of their inauthentic products.

49. In advertising and promoting their products, Defendants knew or, with the exercise of reasonable care, should have known, that their statements were false and misleading.

50. As a direct, proximate, and foreseeable result of Defendants making these false and misleading statements, AKF has suffered, and will continue to suffer, irreparable harm to its individual brand, reputation, and goodwill. AKF has no adequate remedy at law to compensate for these substantial injuries and are thus entitled to injunctive relief.

51. As a direct, proximate, and foreseeable result of Defendants making these false and misleading statements, AKF has suffered and will continue to suffer, money damages in an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF
### (California Unfair Competition, Cal. Bus. & Prof. Code § 17200 et. seq, Against All Defendants)

52. AKF incorporates the allegations in paragraphs 1 through 51 above, as if set forth fully herein.

sf-4519839

53. As stated above, Defendants' conduct is likely to cause confusion as to the origin, authorization, authenticity and sponsorship of the vaping products being manufactured, imported, advertised, sold, and distributed by Defendants. The above-described conduct of Defendants is intended to produce and has produced substantial profits for Defendants at the expense of AKF and to the detriment of the integrity of the Cake™ brand.

54. Defendants' above-described conduct constitutes unlawful, unfair and fraudulent business practices in violation of California Business & Professions Code sections 17200 et seq.

55. AKF has lost money and suffered substantial injury as a result of Defendants' wrongful acts. Defendants' misconduct also has caused, and is continuing to cause, irreparable injury to AKF for which there is no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment and other relief in its favor and against Defendants as follows:

A. That Defendants, their officers, directors, agents, employees, representatives and all persons, firms and corporations in active concert or participation with any of them, be preliminarily and permanently enjoined from counterfeiting, infringing, distributing or otherwise using without AKF's authorization the Cake™ Marks and any AKF's copyrighted designs, by manufacturing or causing to be manufactured, importing or causing to be imported, reproducing or causing to be reproduced, purchasing or causing to be purchased, distributing or causing to be distributed, advertising or causing to be advertised, or offering for sale or selling, any counterfeit or infringing products bearing the Cake™ marks, or any confusingly similar mark;

B. Judgment in favor of AKF that Defendants infringed AKF's copyright rights under 17 U.S.C. § 101 *et seq.*;

sf-4519839

  C. Judgment in favor of AKF that Defendants compete unfairly with AKF, in violation of AKF's rights under 15 U.S.C. § 1125(a) and California Bus. & Prof. Code § 17200;

  D. Judgment in favor of AKF that Defendants made false and misleading statements about falsely and misleadingly advertised their counterfeit products, in violation of AKF's rights under California Bus. & Prof. Code § 17500;

  E. On the First Claim for Relief, AKF be awarded statutory damages for infringement of its registered copyright of up to $150,000 for willful infringement pursuant to 17 U.S.C. § 504(c) or, at AKF's election, an award of its actual damages incurred, including all profits of the Defendants obtained in connection with their infringing activities, or in the alternative;

  F. On the Second Claim for Relief, Defendants be ordered, pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116(a), to file with the Court and serve upon AKF's counsel, within 30 days of the entry of the injunctions and orders prayed for herein, a written report setting forth under oath and in detail the manner in which they have complied with the injunctions and orders requested herein;

  G. On the Second Claim for Relief, AKF be awarded up to three times the amount of actual damages sustained by it as a result of Defendants' acts, including any lost profits sustained by AKF or profits unlawfully realized by Defendants;

  H. On all claims for relief, Defendants be required to deliver immediately to AKF for destruction all counterfeit or infringing merchandise bearing the Cake™ marks, or any confusingly similar mark;

  I. On all claims for relief, Defendants further be required to deliver to AKF for destruction all computer files, digital files, computer discs, master copies, print molds, dye cuts or other materials or instrumentalities used to manufacture counterfeit or infringing merchandise bearing the Cake™, as well as all labels, signs, prints, packages, receptacles, promotional and other material in their

possession, custody or control that display or promote counterfeit or infringing merchandise bearing the Cake™ marks, or any confusingly similar mark;

J.  On all claims for relief, Defendants be ordered to provide an accounting of all revenues and profits obtained by them as a result of their counterfeiting, copyright infringement, unfair competition and other violations, as alleged herein;

K.  On the First and Second Claims for Relief, AKF be awarded its attorneys' fees and costs pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 505;

L.  On the Third and Fourth Claims for Relief, the Court grant restitution to AKF, including the disgorgement of all monies obtained by Defendants through the unlawful sales or distribution of counterfeit, unauthorized or infringing goods; and

M.  Such other and further relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, AKF demands trial by jury on all issues raised by the Complaint.

Dated: July 2, 2021                              MORRISON & FOERSTER LLP

By: */s/ Benjamin J. Fox*
Benjamin J. Fox

Attorneys for Plaintiff
AK FUTURES LLC

sf-4519839