BENJAMIN J. FOX (CA SBN 193374)
ANI OGANESIAN (CA SBN 329296)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA  90017-3543
Telephone:  (213) 892-5200
Facsimile:  (213) 892-5454
bfox@mofo.com
aoganesian@mofo.com

JOYCE LIOU (CA SBN 277720)
EOIN CONNOLLY (CA SBN 300373)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522
jliou@mofo.com
econnolly@mofo.com

THOMAS C. FROST
(CA SBN 185187)
THE FROST FIRM
401 West A Street, Suite 1150
San Diego, CA 92101
Telephone:  (619) 822-1741
Facsimile:  (619) 822-1744
tfrost@thefrostfirm.com

Attorneys for Plaintiff/Counter-Defendant,
AK FUTURES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AK FUTURES LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LIMITLESS TRADING CO., LLC d/b/a CALI KULTURE, a California limited liability company; A1 WHOLESALE SUPPLY, LLC d/b/a CALI KULTURE, a Georgia limited liability company; ALEEM WADHWANIA, an individual; NURUDDIN WADHWANIA, an individual; and DOES 1-10,<br><br>　　　　　　Defendants.<br><br>LIMITLESS TRADING CO., LLC d/b/a CALI KULTURE; and A1 WHOLESALE SUPPLY, LLC d/b/a CALI KULTURE<br><br>　　　　　　Counter-claimants,<br><br>　　v.<br><br>AK FUTURES LLC; and DOES 1-10<br><br>　　　　　　Counter-defendants. | Case No. 8:21-cv-01154<br><br>(Related to 8:21-cv-1027-JVS-ADS, 8:21-cv-1028-JVS-ADS, and 8:21-cv-01061-JVS-ADS)<br><br>**REPLY IN SUPPORT OF AK FUTURES' MOTION TO DISMISS COUNTERCLAIMS**<br><br>Complaint Filed: July 02, 2021<br><br>Hearing Date:　　Oct. 4, 2021<br>Hearing Time:　　1:30 p.m.<br>Ctrm:　　　　　　10C<br><br>The Hon. James V. Selna |

**TABLE OF CONTENTS**

Page

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................ 2

I.     CALI KULTURE HAS NOT PROPERLY PLED A BREACH OF
       CONTRACT CLAIM ....................................................................................... 2

       A.     The Counterclaims Fail to Allege Facts Showing That Non-
              Party Pete Amato Had Authority to Bind AK Futures to a
              Contract ................................................................................................. 2

       B.     The Terms of the Alleged Contract Are Not Sufficiently
              Definite, Including Whether the "Contract" Is Written or Oral ........... 4

II.    NO DEFAMATION CLAIM EXISTS HERE ..................................................... 4

       A.     The Identified Online Comments Are Not Defamatory ...................... 4

       B.     Cali Kulture Fails to Show Special Damage ......................................... 7

III.   THE UCL CLAIM ALSO FAILS ................................................................... 8

       A.     AK Futures' Alleged Acts Were Not Unlawful Under the UCL ......... 8

       B.     The Alleged Acts Were Not Unfair Under the UCL ........................... 9

IV.    NO CLAIM FOR UNJUST ENRICHMENT EXISTS ..................................... 10

CONCLUSION ....................................................................................................... 11

i

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Advanced Eng'g Sols. Co., LLC v. Pers. Corner, LLC*,
   No. CV 20-5955-JFW(PLAx),
   2021 WL 1502705, 2021 U.S. Dist. LEXIS 78477
   (C.D. Cal. Feb. 25, 2021) ...................................................................................10

*Allied Grape Growers v. Bronco Wine Co.*,
   203 Cal. App. 3d 432 (1988) .................................................................................8

*Art of Living Found. v. Does*,
   No. 10-CV-05022-LHK,
   2011 WL 2441898, 2011 U.S. Dist. LEXIS 63507
   (N.D. Cal. June 15, 2011) ................................................................................5, 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...........................................................................................11

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999)........................................................................................8, 9

*Celebrity Chefs Tour, LLC v. Macy's, Inc.*,
   16 F. Supp. 3d 1141 (S.D. Cal. 2014) ...................................................................9

*China Shenyang Hongqiao Oil Prod. Co. v. Atl. Ventures LLC*,
   No. SACV 17-01675 JVS (JDEx),
   2018 WL 6039861 (C.D. Cal. Sept. 13, 2018)......................................................8

*Citcon USA, LLC v. RiverPay Inc.*,
   No. 18-cv-02585-NC,
   2018 WL 6813211, 2018 U.S. Dist. LEXIS 216961
   (N.D. Cal. Dec. 27, 2018).......................................................................................6

*Cleveland v. Ludwig Inst. for Cancer Rsch. Ltd.*,
   No. 19cv2141,
   2020 WL 3268578, 2020 U.S. Dist. LEXIS 106050
   (S.D. Cal. June 17, 2020) .......................................................................................7

*Conder v. Home Sav. of Am.*,
   680 F. Supp. 2d 1168 (C.D. Cal. 2010)...................................................................8

*Delphix Corp. v. Actifio, Inc.*,
  No. C 13-4613 RS,
  2014 WL 4628490, 2014 U.S. Dist. LEXIS 132310
  (N.D. Cal. Mar. 19, 2014) ........................................................................ 2

*Dillon v. NBCUniversal Media LLC*,
  No. CV 12-09728 SJO (AJWx)
  2013 WL 3581938, 2013 U.S. Dist. LEXIS 100733
  (C.D. Cal. June 18, 2013) ..................................................................... 3, 8

*Diva Limousine, Ltd. v. Uber Tech., Inc.*,
  392 F. Supp. 3d 1074 (N.D. Cal. 2019) ................................................. 9

*Doe v. Mindgeek USA Inc.*,
  No. SACV 21-00338-CJC (ADSx),
  2021 WL 4167054 (C.D. Cal. Sept. 3, 2021) ....................................... 10

*Doppes v. Cal. Scents, LLC*,
  No. SA CV 18-0911-DOC (JPRx)
  2018 WL 3583052, 2018 U.S. Dist. LEXIS 124755
  (C.D. Cal. July 15, 2018) ........................................................................ 3

*Epicor Software Corp. v. Alternative Tech. Sols., Inc.*,
  No. SACV 13-00448-CJC (RNBx)
  2013 WL 3930545, 2013 U.S. Dist. LEXIS 109278
  (C.D. Cal. June 21, 2013) ........................................................................ 6

*Gershfeld v. Teamviewer US, Inc.*,
  No. SACV 21-00058-CJC (ADSx)
  2021 WL 3046775, 2021 U.S. Dist. LEXIS 137353
  (C.D. Cal. June 24, 2021) ...................................................................... 10

*Global Telemedia Int'l Inc. v. Doe 1*,
  132 F. Supp. 2d 1261 (C.D. Cal. 2001) ............................................. 5, 6

*Habtemariam v. Vida Capital Grp., LLC*,
  No. 2:16-cv-01189-MCE-GGH,
  2017 WL 2930846, 2017 U.S. Dist. LEXIS 106288
  (E.D. Cal. July 10, 2017) ........................................................................ 4

*Hartford Casualty Ins. Co. v. J.R. Marketing, LLC*,
  61 Cal. 4th 988 (2015) .......................................................................... 10

*Language Door v. MyAsia LLC*,
   No. SACV 13-01220 JVS (RNBx),
   2014 WL 12690753 (C.D. Cal. Jan. 6, 2014)........................................................4

*M&M Consulting Grp., LLC v. JP Morgan Bank, N.A.*,
   No. SA-CV-2001318-JVS,
   2021 WL 71436, 2021 U.S. Dist. LEXIS 5827
   (C.D. Cal. Jan. 6, 2021) ......................................................................................10

*Nicosia v. De Rooy*,
   72 F. Supp. 2d 1093 (N.D. Cal. 1999)..................................................................5

*Ohno v. Yasuma*,
   723 F.3d 984 (9th Cir. 2013) ..............................................................................10

*Penrose Hill, Ltd. v. Mabray*,
   479 F. Supp. 3d 840 (N.D. Cal. 2020)..................................................................5

*Ramirez v. GMAC Mortg.*,
   No. CV 09-8189 PSG (FFMx)
   2010 WL 148167, 2010 U.S. Dist. LEXIS 5377
   (C.D. Cal. Jan. 12, 2010) ......................................................................................4

*Rodriguez v. Just Brands USA, Inc.*,
   No. 2:20-CV-04829-ODW (PLAx)
   2021 WL 1985031, 2021 U.S. Dist. LEXIS 94413
   (C.D. Cal. May 18, 2021) ....................................................................................10

*Sidense Corp. v. Kilopass Tech. Inc.*,
   No. C 11-04112 SI
   2012 WL 3545289, 2012 U.S. Dist. LEXIS 115904
   (N.D. Cal. Aug. 16, 2012) ...........................................................................7, 8, 9

*Stokes v. CitiMortgage, Inc.*,
   No. CV 14-00278 BRO (SHx)
   2014 WL 4359193, 2014 U.S. Dist. LEXIS 125655
   (C.D. Cal. Sept. 3, 2014) ......................................................................................9

*In re Toyota Motor Corp. Unintended Acceleration Mktg. etc. Litig.*,
   754 F. Supp. 2d 1145 (C.D. Cal. 2010)..............................................................10

*Underwager v. Channel 9 Austl.*,
   69 F.3d 361 (9th Cir. 1995)..................................................................................4

*Universal Grading Serv. v. eBay, Inc.*,
　No. C-09-2755 RMW
　2011 WL 846060 (N.D. Cal. Mar. 8, 2011) ........................................................ 7

*Watson Laboratories, Inc. v. Rhone–Poulenc Rorer*,
　178 F. Supp. 2d 1099 (C.D. Cal. 2011)............................................................... 8

*WM Wholesale LLC v. Amato*,
　No. 2021-0493 (Del. Ch. June 7, 2021) .............................................................. 2

**Statutes and Rules**

Cal. Civ. Code § 2860.......................................................................................... 10

Cal. Bus. & Prof. Code § 17200 ..................................................................... 8, 9

Fed. R. Civ. P. 8.................................................................................................... 4

Fed. R. Civ. P. 11.................................................................................................. 2

Fed. R. Civ. P. 12(b)(6) ....................................................................................... 4

## **INTRODUCTION**

AK Futures' motion explained that Cali Kulture's counterclaims suffer from multiple defects requiring dismissal of each of the claims alleged.  In response, Cali Kulture argues that its breach of contract claim alleges sufficient facts showing authority to bind AK Futures to an agreement — relying on Cali's communications with non-party Pete Amato, and by requesting judicial notice of a separate lawsuit involving a different company, WM Wholesale.  Nothing in the counterclaims or Cali Kulture's opposition suggests that Cali Kulture could allege additional facts specific to Mr. Amato's role or conduct for *AK Futures*. [1]

The defamation counterclaim also fails.  Contrary to Cali Kulture's argument, none of the statements allegedly attributed to AK Futures are defamatory, let alone defamatory *per se*.  Because the online comments are not libelous *per se*, Cali Kulture also needed to allege facts showing special damage; its bare allegation of harm to "business reputation" is insufficient.

Cali Kulture's pleading and brief do not save its unfair competition law counterclaim either.  An alleged breach of contract does not support a UCL claim under the "unlawful" or "unfair" prongs of the statute.  Cali Kulture's cited cases do not show otherwise.  And because AK Futures' statements are not defamatory, they too do not support a UCL claim.

Finally, Cali Kulture is wrong on the viability of its unjust enrichment counterclaim.  The claim is not a standalone cause of action, and the counterclaim's factual allegations — that Cali Kulture chose to promote and sell the CAKE brand before selling counterfeits — do not support unjust enrichment in any event.

For the reasons explained in the motion and herein, AKF's motion should be

---

[1] On September 17, 2021, Cali Kulture answered AK Futures' amended complaint and reattached the counterclaims it submitted with its original answer. (Dkt. 30.)  The counterclaims filed on September 17 are *identical* to the prior pleading, and thus, their sufficiency may be resolved on the current motion.  For consistency of citation, we cite herein to the counterclaims at ECF No. 18.

granted.  Cali Kulture has not identified additional facts that could be alleged consistent with Rule 11, making dismissal without leave to amend appropriate.

## ARGUMENT

### I.   CALI KULTURE HAS NOT PROPERLY PLED A BREACH OF CONTRACT CLAIM

#### A.   The Counterclaims Fail to Allege Facts Showing That Non-Party Pete Amato Had Authority to Bind AK Futures to a Contract

AK Futures' motion showed that all the communications on which Cali Kulture relies for formation of the alleged "exclusive distribution" agreement were between Cali Kulture and non-party Pete Amato.  (Mot. at 3-4 [Dkt. 25-1].)  The opposition does not dispute that foundational point; instead, Cali Kulture doubles down by reciting its "extensive" course of dealings *with Mr. Amato* before the contract allegedly was formed in April 2021.  (Opp'n at 3, 6 [Dkt. 18].)

By conflating Mr. Amato's involvement in WM Wholesale with AK Futures, Cali Kulture contends that it has sufficiently alleged Mr. Amato's role and authority to act for AK Futures.  (Opp'n at 3, 6.)  The counterclaims, however, contain no such factual allegations.  (Compare *id.* with C'claim ¶ 15 ["[u]pon information and belief, AKF was co-founded [by] Pete Amato"].)  *See also Delphix Corp. v. Actifio, Inc.*, 2014 WL 4628490, at *2 (N.D. Cal. Mar. 19, 2014) (criticizing "information and belief" pleading, which "creates a further inference that plaintiff likely lacks knowledge of underlying facts to support the assertion, and is instead engaging in speculation to an undue degree").  The complaint in *WM Wholesale LLC v. Amato*, No. 2021-0493 (Del. Ch. June 7, 2021), which Cali Kulture now asks the Court to judicially notice, underscores that Mr. Amato's involvement was with WM Wholesale, not AK Futures.  (Dkt. 29-1 & Ex. 1.)

As AK Futures' motion noted, the only allegation in the counterclaims linking Mr. Amato to AK Futures specifically is the passing reference that "Amal learned that Pete was a partner at AKF".  (C'claim ¶ 18.)  Cali Kulture has no response to our point that limited liability companies have members, not "partners,"

2

or to our cited case law on the subject. *Dillon v. NBCUniversal Media LLC*, 2013 WL 3581938, at *11 n.8 (C.D. Cal. June 18, 2013) (article asserting that NBC was to "partner" with producer Hurwitz did not mean that Hurwitz was "a 'partner' of NBC in the legal sense" or "an agent of NBC within the scope of this partnership"); *see also Doppes v. Cal. Scents, LLC*, 2018 WL 3583052, at *2 (C.D. Cal. July 15, 2018) (LLC entities have officers and members, not partners).

Cali Kulture's cited social media posts also do not show actual or apparent authority for Mr. Amato to bind AK Futures. (Opp'n at 6.) The posts cited by Cali are dated as of July 2021—months after the alleged contract was formed—and thus could not show authority by Amato to act for AK Futures in April 2021. (*Compare* C'claim Ex. C [Dkt. 18] at 21 *with* C'claim ¶ 24.) The first post Cali cites refers to founders of "cake," not AK Futures. (C'claim Ex. C at 21.) The second cited post, by "Peter Joseph" stating "we already sued you," is barely intelligible (*id.*, Ex. B); to the extent it refers to this litigation (filed July 2) it too says nothing about Amato's actual or ostensible authority to bind AK Futures to an agreement in April.

The scant statements allegedly attributed to AK Futures' principal, Mr. Clelland, also do not reflect any authority by Mr. Amato to contract for AK Futures. (Opp'n at 6.) The counterclaims do not aver that Mr. Clelland approved or acknowledged an exclusive distribution agreement. Rather, Cali Kulture alleges that Mr. Clelland said that Cali Kulture could obtain a refund of $600,000 or apply the funds "towards procuring Cake branded products from Smoke Tokes at negotiated prices (paying $15 per piece)." (C'claim ¶ 27.) The counterclaims do not allege that Cali Kulture objected to that arrangement; rather, Cali Kulture followed through with it, which is inconsistent with any "exclusive" deal. (*Id.*)

In sum, Cali Kulture's allegation of Mr. Amato's authority to bind AK Futures is a "threadbare recital[] of the elements of a cause of action, supported by mere conclusory statements." *Dillon*, 2013 WL 3581938, at *11 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The counterclaim fails to satisfy Rule 8.

3

**B.** **The Terms of the Alleged Contract Are Not Sufficiently Definite, Including Whether the "Contract" Is Written or Oral**

Cali Kulture did not respond to AK Futures' challenge to identify the text messages that contain any terms of the "contract," or to say which terms were memorialized in writing and which were oral. (*Compare* Mot. at 6 *with* Opp'n at 7.) Nor did Cali respond to our cited authority showing that where, as here, a claimant declines to attach the writing, it needs to plead the contract's "legal effect" with greater specificity. *Habtemariam v. Vida Capital Grp., LLC*, 2017 WL 2930846, at *3 (E.D. Cal. July 10, 2017); *Ramirez v. GMAC Mortg.*, 2010 WL 148167, at *2 (C.D. Cal. Jan. 12, 2010). And, Cali Kulture has no meaningful response to AK Futures' cited cases showing that an allegation of contract terms "orally and/or in writing" is insufficient. (*See, e.g.*, Opp'n at 8, attempting to distinguish *Language Door v. MyAsia LLC*, 2014 WL 12690753 (C.D. Cal. Jan. 6, 2014) on the ground that case involved the potential for two separate agreements.) Contrary to Cali Kulture's argument, the terms of the alleged "exclusive" agreement are not sufficiently clear — particularly given Cali Kulture's allegation that Mr. Clelland told Cali Kulture that it could buy product from another seller, third-party Smoke Tokes, and that Cali elected to do so. (C'claim ¶ 27.)

## II.    NO DEFAMATION CLAIM EXISTS HERE

**A.**    **The Identified Online Comments Are Not Defamatory**

The opposition fails, in the face of our detailed discussion of the specific statements that Cali Kulture claims to be defamatory, to address the specific content of the social media posts. (*Compare* Mot. at 8-10 *with* Opp'n at 10-11.) Cali Kulture's decision to ignore the content of the statements at issue is irreconcilable with the standard set out by the Ninth Circuit in *Underwager v. Channel 9 Austl.*, 69 F.3d 361, 366 (9th Cir. 1995), and ample in-Circuit authority parsing the specific language of the allegedly defamatory statements at the Rule 12(b)(6) stage. *See, e.g.*, *Penrose Hill, Ltd. v. Mabray*, 479 F. Supp. 3d 840, 856 (N.D. Cal. 2020);

4

*Global Telemedia Int'l Inc. v. Doe 1*, 132 F. Supp. 2d 1261, 1267 (C.D. Cal. 2001); *Art of Living Found. v. Does*, 2011 WL 2441898, at *2, *7 (N.D. Cal. June 15, 2011) (online posts critical of plaintiff, citing "all the illegal activities that occur thru and in his organization, ranging from exploitation, to swindling, to cheating, to physical abuse, to sexual harassment" were not defamatory statements of provable fact:  the posts were contained in "obviously critical blogs . . . with heated discussion and criticism," "[i]n this context, readers are less likely to view statements as assertions of fact rather than opinion"; granting motion to dismiss); *Nicosia v. De Rooy*, 72 F. Supp. 2d 1093, 1101, 1106 (N.D. Cal. 1999) (statements posted on website and in Internet discussion groups accusing plaintiff of being an "embezzler" and liar "as part of a heated debate concerning a bitter legal dispute" were not defamatory:  "readers are more likely to understand accusations of lying as figurative, hyperbolic expressions"; granting motion to dismiss).

The social media posts on which Cali Kulture relies are not defamatory statements of provable fact:

1.  "The companies listed below have a financial interest in spreading lies about CAKE and CAKE's owners and are not to be trusted.  They will never have authentic CAKE product ever again."  (C'claim Ex. A.)  The opposition does not attempt to show that this statement is defamatory.  As AK Futures' motion explained, Cali Kulture's pleading acknowledges Cali Kulture is now competing with AF Futures' products; Cali thus does have a financial incentive to spread false or misleading information about AK Futures.  *See, e.g.*, *Nicosia*, 72 F. Supp. 2d at 1106 (granting motion to dismiss defamation claim resting on online statements that adverse party in litigation "lie[s]" and embezzled funds); *Global Telemedia Int'l Inc. v. Doe 1*, 132 F. Supp. 2d 1261, 1267 (C.D. Cal. 2001) (same).  And the counterclaims allege that Cali Kulture has stopped selling CAKE-branded products. (C'claim ¶ 32 ["Cali Kulture lost interest in promoting and selling Cake branded products for a number of reasons"].)  Indeed, AK Futures will never again provide

Cali Kulture with authentic CAKE products.  The statement is not provably false.

2.  Social media post from "Peter Joseph".  (C'claim, Ex. B.)  The opposition also fails to address the specific content of this social media post or to show that it is a statement by AK Futures.  In referring to the post, the counterclaims state only, "[a]s another example, *they* have posted on Facebook . . . ."  (C'claim ¶ 45 [emphasis added].)  But "Peter Joseph" is not "they".  *See, e.g., Citcon USA, LLC v. RiverPay Inc.*, 2018 WL 6813211, at *8 (N.D. Cal. Dec. 27, 2018) ("Citcon must allege facts — beyond mere conclusory statements — regarding the authorship of the [allegedly defamatory] email for the court to make a reasonable inference that any of the defendants are responsible for having sent it."), *appeal filed*, No. 20-16929 (9th Cir. Oct. 5, 2020).

In any event, Peter Joseph's Facebook comments, "you look dumb honestly," "like the knock off company you are," and "[t]ypical corny distro," are not objective statements of provable fact; they are the type of "hyperbole, invective, short-hand" that courts routinely recognize at the pleading stage do not warrant a defamation lawsuit.  *See, e.g., Global Telemedia*, 132 F. Supp. 2d at 1267; *Art of Living*, 2011 WL 2441898, at *7 (online comments referring to "embezzle[ment]," "fraud," and "abuse" "reflect poorly" on the plaintiffs, "but do not amount to factual accusations of criminal activity, especially on Blogs that readers obviously expect are critical of Art of Living").  (Additional authority cited in motion.)

3.  "Cake is suing Cali Kulture and Smoke Tokes for the damage they have done."  (C'claim, Ex. C at 3.)  The statement, while imprecise ("Cake" is not an entity or plaintiff in any litigation) is substantially true, not defamatory.  *Epicor Software Corp. v. Alternative Tech. Sols., Inc.*, 2013 WL 3930545, at *6 (C.D. Cal. June 21, 2013) (defendant's news release announcing and describing its pending lawsuit against plaintiff was "true or at least 'substantially true,' making them non-actionable for defamation liability").  Nothing in Cali Kulture's opposition shows otherwise.  (*See* Opp'n at 9-12.)

6

## B.   Cali Kulture Fails to Show Special Damage

Rather than addressing the specific content of the statements, Cali Kulture asserts generally that all statements are "defamatory *per se*" — so as to excuse Cali's failure to allege facts showing special damage.  (Opp'n at 12.)  But statements such as the social media posts that require context to be fully understood are not defamatory *per se*; they are "subject to the reader's interpretation" and not *per se* unlawful.  *Sidense Corp. v. Kilopass Tech. Inc.*, 2012 WL 3545289, at *6 (N.D. Cal. Aug. 16, 2012) (accusations that plaintiff engaged in "fraud and deception and unfair dealing" for licensing technology where its patent claims had been rejected were not libelous per se . . . [t]he innuendo is that [plaintiff] continues to license products based on the rejected claims [and] [t]hat innuendo is subject to the reader's interpretation"); *see also Universal Grading Serv. v. eBay, Inc.*, 2011 WL 846060, at *10 (N.D. Cal. Mar. 8, 2011) (where plaintiffs asserted trade libel claim against eBay for stating that plaintiffs' listings had been removed for violation of eBay's policy, a libel *per se* claim fails because an extrinsic item, eBay's policy, is needed to explain the alleged defamatory meaning).

Cali Kulture relies on *Cleveland v. Ludwig Inst. for Cancer Rsch. Ltd.*, 2020 WL 3268578 (S.D. Cal. June 17, 2020), for its argument that the online comments are defamatory *per se*.  The *Cleveland* court focused on whether the alleged statements were opinion or fact, not whether the statements were defamatory *per se*.  Moreover, the statements and context in *Cleveland* are far different from the social media posts here:  They were made "among scientific, medical, and academic professionals as an explanation for Ludwig's decision to forego funding a multi-million dollar research center . . . .  The tenor, subject, setting, and format of these consequential statements, . . . suggests they were meant to be serious, professional, and accurate."  *Id.* at *13.  The semi-anonymous post by "Peter Joseph" and other social media posts here are not analogous.  (C'claim Exs. A-C.)

The counterclaims do not include any factual allegations of special damages

caused by the online comments, and Cali Kulture's opposition does not identify any such facts that could be pled. For this additional reason, the claim fails.

### III. THE UCL CLAIM ALSO FAILS

#### A. AK Futures' Alleged Acts Were Not Unlawful Under the UCL

As AK Futures' motion showed, the UCL claim fails for lack of an "unlawful" or "unfair" business practice within the meaning of California Business & Professions Code section 17200. (Mot. at 11.) Cali Kulture responds that it "properly predicates its UCL claim" on a breach of contract. (Opp'n at 15.) But the law is clear that a breach of contract is not an "unlawful" act under the UCL. *Dillon*, 2013 WL 3581938 at *8 (citations omitted); *see also China Shenyang Hongqiao Oil Prod. Co. v. Atl. Ventures LLC*, 2018 WL 6039861, at *8 (C.D. Cal. Sept. 13, 2018) ("Plaintiffs' allegations essentially amount to a breach of contract claim. This is insufficient. Thus, Plaintiffs have not established its UCL claim based on the unlawful prong."); *Conder v. Home Sav. of Am.*, 680 F. Supp. 2d 1168, 1176 (C.D. Cal. 2010) ("Because a breach of contract claim cannot form the basis for a UCL claim without additional unlawful, unfair, or fraudulent conduct, Plaintiff's UCL claim based on breach of contract fails as well.").

Cali Kulture's cited cases do not suggest otherwise. *Sidense*, 2012 WL 3545289, at *14 (addressing defamation and other torts—not a breach of contract—as bases for a UCL claim); *Watson Laboratories, Inc. v. Rhone–Poulenc Rorer*, 178 F. Supp. 2d 1099, 1117 (C.D. Cal. 2011) (addressing UCL's "unfair" prong and analyzing whether claims reflect "conduct that threatens an incipient violation of an anti-trust law, or violates the policy or spirit of one of those laws" [quoting *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999)]); *Allied Grape Growers v. Bronco Wine Co.*, 203 Cal. App. 3d 432, 449-52 (1988) (addressing only "unfair" and "fraudulent" prongs of UCL statute).

The opposition does not dispute that if the defamation claim fails (which it does) the dependent UCL claim based on defamation fails as well. (Opp'n at 15.)

8

*Stokes v. CitiMortgage, Inc.*, 2014 WL 4359193, at \*11 (C.D. Cal. Sept. 3, 2014).

Finally, Cali Kulture does not cite any other "borrowing" law that allegedly was violated by AK Futures' "apparent strategy to use Cali Kulture to introduce and distribute Cake branded products to all of Cali Kulture's customers." (Opp'n at 15.) *See Sidense*, 2012 WL 3545289, at \*14 (noting that the "'borrowing' portion of the § 17200 refers only to the 'unlawful" prong' of the UCL). Again, without a statutory or other legal prohibition against it, there is nothing "unlawful" about AK Futures selling goods to distributors who also did business with Cali Kulture.

### B.    The Alleged Acts Were Not Unfair Under the UCL

The opposition acknowledges that the California Supreme Court held in *Cel-Tech* that the UCL's "unfairness" prong requires conduct that threatens an incipient violation of antitrust laws or "violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." (Opp'n at 14, quoting *Cel-Tech*, 20 Cal. 4th at 187, and *Diva Limousine, Ltd. v. Uber Tech., Inc.*, 392 F. Supp. 3d 1074, 1090-91 (N.D. Cal. 2019).) Yet Cali Kulture seeks to advance a UCL claim under the "unfairness" prong by relying on "subjective characterizations of what is 'unfair'" without regard to *Cel-Tech*'s requirements. *See, e.g.*, *Celebrity Chefs Tour, LLC v. Macy's, Inc.*, 16 F. Supp. 3d 1141, 1155-56 (S.D. Cal. 2014) (holding that plaintiffs failed to "allege unfair business practices within the meaning of the UCL" where they did not plead facts showing harm to competition itself).[2]

Cali Kulture's opposition does not rebut the motion's showing that allegedly denying Cali Kulture an "exclusive" contract, and posting comments critical of Cali Kulture, alleges at most harm to a putative competitor (Cali Kulture), not to

---

[2] The opposition seeks to salvage the claim by alluding to competition, *i.e.*, that AK Futures sought to prevent Cali from "from introducing the buyers to another brand of vaping products." (Opp'n at 15.) But the counterclaims do not contain supporting facts. Nor could Cali Kulture allege such facts: This suit, and AK Futures' efforts, focus on protecting the *CAKE brand* from counterfeiting.

competition itself.  (*Compare* Mot. at 12 *with* Opp'n at 13-15.)

Accordingly, the UCL counterclaim fails to state a claim for relief.

## IV.   NO CLAIM FOR UNJUST ENRICHMENT EXISTS

The opposition asserts that unjust enrichment "is a standalone cause of action," but the majority—and better—view is to the contrary, as this Court has recently held.  *M&M Consulting Grp., LLC v. JP Morgan Bank, N.A.*, No. SA-CV-2001318-JVS, 2021 WL 71436, at *8 (C.D. Cal. Jan. 6, 2021) ("there is no cause of action for unjust enrichment in California"); *accord Doe v. Mindgeek USA Inc.*, 2021 WL 4167054, at *11 (C.D. Cal. Sept. 3, 2021) ("Like many other courts in this district, the Court believes that unjust enrichment is not a separate cause of action in California."); *Gershfeld v. Teamviewer US, Inc.*, 2021 WL 3046775, at *3 (C.D. Cal. June 24, 2021) (same); *Rodriguez v. Just Brands USA, Inc.*, 2021 WL 1985031, at *7 (C.D. Cal. May 18, 2021); *Advanced Eng'g Sols. Co., LLC v. Pers. Corner, LLC*, 2021 WL 1502705, at *7 (C.D. Cal. Feb. 25, 2021); *In re Toyota Motor Corp. Unintended Acceleration Mktg. etc. Litig.*, 754 F. Supp. 2d 1145, 1193-94 (C.D. Cal. 2010) ("[T]he Court is not persuaded that an independent cause of action for unjust enrichment is cognizable under California law.").[3]

As AK Futures' motion showed, Cali Kulture's unjust enrichment claim focuses on Cali's efforts to promote and sell "hundreds of thousands of dollars worth of Cake branded Delta-8 vaping products" (C'claim ¶ 19) — no factual allegations plausibly suggest that AK Futures received an "unjust" benefit from those efforts.  Cali Kulture does not allege, for example, that it sold authentic CAKE-branded products for which Cali Kulture was not paid.  Nor does the opposition address how it could be "plausible" under *Twombly / Iqbal* that Cali

---

[3] Contrary to Cali's suggestion, *Hartford Casualty Ins. Co. v. J.R. Marketing, LLC*, 61 Cal. 4th 988 (2015) did not address unjust enrichment as a standalone cause of action.  *Hartford* involved a fee dispute under Cal. Civ. Code § 2860, where plaintiff sought equitable remedies including unjust enrichment.  *Ohno v. Yasuma*, 723 F.3d 984, 1006 (9th Cir. 2013) similarly involved multiple claims.

Kulture obtained PACT Act distribution licenses for AK Futures' unjust benefit, given Cali Kulture's allegations that it had a longstanding, nationwide business of selling products that require governmental approval.  (C'claim ¶¶ 10-11.)  Cali Kulture argues only that it has presented a "fact" issue, but that argument ignores the Court's role as gatekeeper for claims that on their face are implausible.  *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## CONCLUSION

For all the reasons discussed in AK Futures' motion and above, the counterclaims fail to state a claim for relief.  Nothing in the opposition suggests the defects could be cured by amendment.  AK Futures' motion should be granted.

Dated:   September 20, 2021            MORRISON & FOERSTER LLP


By: */s/ Benjamin J. Fox*
_____
Benjamin J. Fox

Attorneys for Plaintiff/
Counter-Defendant
AK FUTURES LLC

4572833

11